**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-00220 (RDM) |
| FOOD AND DRUG ADMINISTRATION, | |
| *Defendant*. | |

**ANSWER TO THE COMPLAINT**

Defendant, U.S. Food and Drug Administration, by and through counsel, answers and responds to the unnumbered and correspondingly numbered paragraphs in Plaintiff's Complaint, *see* ECF No. 1, upon information and belief as follows. Any allegations not specifically admitted or otherwise responded to below are denied.[1]

In response to Plaintiff's allegations in the Complaint's initial and unnumbered paragraphs, Defendant admits that the nature of this case concerns two Freedom of Information Act ("FOIA") requests submitted to Defendant in the summer and fall of 2022. Defendant admits that these requests sought records in connection with Defendant's safety-monitoring of COVID-19 vaccines through the Vaccine Adverse Event Reporting System ("VAERS"). Defendant admits that it denied Plaintiff's first request (FOIA request 2022-5587) based on FOIA exemption 5 (5 U.S.C. §552(b)(5)) and that it has not yet responded to Plaintiff's second request

---

[1] To the extent the Complaint refers to or quotes external documents, statutes, or other sources, Defendants may refer to these materials for their accurate and complete contents, but Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

(FOIA request 2022-6498). Defendant denies the remaining allegations in the Complaint's initial and unnumbered paragraphs.

**PARTIES**

1.      Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the allegations.

2.      Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the allegations.

3.      Defendant admits that it is an agency of the United States with offices at the location specified in Paragraph 3. Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to possession of records sought and therefore denies the allegations.

**JURISDICTION AND VENUE**

4.      Paragraph 4 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over claims properly brought under the terms of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as limited by the relief available under the statute. Defendant also admits that venue in this district is proper.

## FACTS[2]

A.      **Background for CHD's FOIA Requests**

5.      The allegations in Paragraph 5 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, Plaintiff denies the allegations in the first sentence of Paragraph 5. The remaining allegations in this Paragraph consist of Plaintiff's characterizations of various government communications and third-party accounts of government communications about vaccination against COVID-19, and Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies the allegations that are inconsistent therewith.

6.      The allegations in Paragraph 6 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph consist of Plaintiff's characterizations of various third-party communications about the safety of COVID-19 vaccines, and Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies the allegations that are inconsistent therewith.

7.      The allegations in Paragraph 7 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph consist of Plaintiff's characterizations of the Centers for Disease Control and Prevention's or

---

[2] For ease of reference, Defendant replicates certain headings and titles contained in the Complaint, but, to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

FDA's communications about the safety and efficacy of COVID-19 vaccines, and Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies the allegations that are inconsistent therewith.

8.      Defendant admits that FDA, in collaboration with other agencies and entities, monitors the safety of COVID-19 vaccines, as described in *COVID-19 Vaccine Safety Surveillance*, available at https://www.fda.gov/vaccines-blood-biologics/safety-availability-biologics/covid-19-vaccine-safety-surveillance#Summaries%20of%20Monitoring%20Efforts. The remaining allegations in Paragraph 8 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the remaining allegations in this Paragraph consist of Plaintiff's characterizations of the Centers for Disease Control and Prevention's communications about monitoring the safety of COVID-19 vaccines, and Defendant respectfully refers the Court to the cited reference for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

9.      The allegations in Paragraph 9 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph consist of Plaintiff's characterizations of the Centers for Disease Control and Prevention's communications about monitoring vaccine safety, and Defendant respectfully refers the Court to the cited reference for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

10.      The allegations in Paragraph 10 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph

consist of Plaintiff's characterizations of the Centers for Disease Control and Prevention's communications about monitoring COVID-19 vaccine safety, and Defendant respectfully refers the Court to the cited reference for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

11.     The allegations in Paragraph 11 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph consist of Plaintiff's characterizations of procedures that the Centers for Disease Control and Prevention and FDA may use for monitoring COVID-19 vaccine safety, and Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies the allegations that are inconsistent therewith.

12.     The allegations in Paragraph 12 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph consist of Plaintiff's characterizations of procedures that the Centers for Disease Control and Prevention and FDA may use for monitoring COVID-19 vaccine safety, and Defendant respectfully refers the Court to the cited references for a complete and accurate statement of their contents and denies the allegations that are inconsistent therewith.

13.     The allegations in Paragraph 13 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, the allegations in this Paragraph consist of Plaintiff's characterization of an article about COVID-19 vaccine safety, and Defendant respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

14.     The allegations in Paragraph 14 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, Defendant denies the allegations in this Paragraph except to admit that they contain Plaintiff's characterization of an article about COVID-19 vaccine safety. Defendant respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

15.     The allegations in Paragraph 15 do not set forth claims of relief or aver facts in support of a claim and, thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent that a response is required, the allegations in this Paragraph consist of Plaintiff's characterization of an FDA communication about COVID-19 vaccine safety, and Defendant respectfully refers the Court to the cited reference for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

### B.     CHD's First FOIA Request (#2022-5587/Appeal #22-000123AA)

16.     Defendant admits that it received Plaintiff's FOIA request 2022-5587 dated July 27, 2022, that seeks records about safety-monitoring of COVID-19 vaccines through the VAERS database. *See* ECF No. 1, Exhibit 1. The remainder of the allegations in Paragraph 16 consist of Plaintiff's characterization of FOIA request 2022-5587, and Defendant respectfully refers the Court to that FOIA request (ECF No. 1, Exhibit 1) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

17.     Defendant admits that Plaintiff requested expedited processing of FOIA request 2022-5587. The remainder of the allegations in Paragraph 17 consist of Plaintiff's characterization of its justification for receiving expedited processing, and Defendant respectfully refers the Court to the justification in FOIA request 2022-5587 (ECF No. 1, Exhibit

1) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

18.     Admit. *See* ECF No. 1, Exhibit 2.

19.     Defendant admits that its acknowledgement letter for FOIA request 2022-5587 stated that it may be unable to meet the response deadlines set by the FOIA. *See* ECF No. 1, Exhibit 2. The remainder of the allegations in Paragraph 19 consist of Plaintiff's characterization of FDA's acknowledgement letter, and Defendant respectfully refers the Court to that letter (ECF No. 1, Exhibit 2) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

20.     Admit. *See* ECF No. 1, Exhibit 3.

21.     Defendant admits that, on September 7, 2022, Plaintiff confirmed withdrawal of items 1 and 6 from FOIA request 2022-5587 and, on September 8, 2022, submitted a new FOIA request (2022-6498) for the previously withdrawn item 6 from FOIA request 2022-5587. The remainder of the allegations in Paragraph 21 consist of Plaintiff's characterization of its communications to FDA, and Defendant respectfully refers the Court to those communications (ECF No. 1, Exhibit 4) for a complete and accurate statement of their contents and denies the allegations that are inconsistent therewith.

22.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 22 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

23.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 23 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

24.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 24 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

25.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 25 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

26.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 26 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

27.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 27 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

28.     Defendant admits that, on October 4, 2022, it notified Plaintiff that items 2–5 in FOIA request 2022-5587 were denied based on FOIA exemption 5 (5 U.S.C. § 552(b)(5)). The remainder of the allegations in Paragraph 28 consist of Plaintiff's characterization of FDA's October 4, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

29.     Defendant admits that it received Plaintiff's administrative appeal, dated October 11, 2022, appealing FDA's response to FOIA request 2022-5587. *See* ECF No. 1, Exhibit 5. The remainder of the allegations in Paragraph 29 consist of Plaintiff's characterization of its administrative appeal, and Defendant respectfully refers the Court to that appeal (ECF No. 1, Exhibit 5) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

30.     Admit. *See* ECF No. 1, Exhibit 4.

31.     Defendant admits that, on November 12, 2022, it responded to Plaintiff's inquiry about the timing of the administrative appeals process. *See* ECF No. 1, Exhibit 4. The remainder of the allegations in Paragraph 31 consist of Plaintiff's characterization of FDA's November 12, 2022, response, and Defendant respectfully refers the Court to that response (ECF No. 1, Exhibit

4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

      **C.**      **CHD's Second FOIA Request (#2022-6498)**

     32.     Defendant admits that it received Plaintiff's FOIA request 2022-6498 dated September 8, 2022, that seeks records of certain analyses based on the VAERS database. *See* ECF No. 1, Exhibit 6. The remainder of the allegations in Paragraph 32 consist of Plaintiff's characterization of FOIA request 2022-6498, and Defendant respectfully refers the Court to that FOIA request (ECF No. 1, Exhibit 6) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

     33.     Admit. *See* ECF No. 1, Exhibit 7.

     34.     Defendant admits that its acknowledgement letter stated that it may be unable to meet the response deadlines set by the FOIA. *See* ECF No. 1, Exhibit 7. The remainder of the allegations in Paragraph 34 consist of Plaintiff's characterization of FDA's acknowledgement letter, and Defendant respectfully refers the Court to that letter (ECF No. 1, Exhibit 7) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

     35.     Defendant admits that it received Plaintiff's email dated October 12, 2022, seeking a status update on FOIA request 2022-6498. *See* ECF No. 1, Exhibit 4. The remainder of the allegations in Paragraph 35 consist of Plaintiff's October 12, 2022, email, and Defendant respectfully refers the Court to that communication (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

     36.     Defendant admits that it received Plaintiff's email dated November 21, 2022, following up on its October 12, 2022, request for a status update on FOIA request 2022-6498. *See* ECF No. 1, Exhibit 4. The remainder of the allegations in Paragraph 36 consist of Plaintiff's

November 21, 2022, email, and Defendant respectfully refers the Court to that communication (ECF No. 1, Exhibit 4) for a complete and accurate statement of its contents and denies the allegations that are inconsistent therewith.

37.     Defendant denies the allegations in Paragraph 37 except to admit that it has not completed processing Plaintiff's second FOIA request (2022-6498).

**COUNT I: First FOIA Request (#2022-5587) and Appeal (#22-000123AA)**

38.     Defendant's responses to Paragraphs 1-37 are hereby incorporated by reference as if set forth fully herein.

39.     Paragraph 39 sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

40.     Paragraph 40 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

41.     Defendant denies the allegations in Paragraph 41.

**COUNT II: Second FOIA Request (#2022-6498)**

42.     Defendant's responses to Paragraphs 1-41 are hereby incorporated by reference as if set forth fully herein.

43.     Paragraph 43 sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

44.     Paragraph 44 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

45.     Defendant denies the allegations in Paragraph 45.

## REQUESTED RELIEF

The remainder of the Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested, or any, relief.

## AFFIRMATIVE DEFENSES

In response to the Complaint, Defendant raises the following defenses. Defendant also reserves the right to amend, alter, and supplement these defenses as the facts and circumstances giving rise to the Complaint become known to the Defendant throughout the course of this litigation.

1.     Plaintiff is not entitled to receive information or records protected from disclosure by one or more of the exemptions or exclusions to the FOIA or the Privacy Act. 5 U.S.C. §§ 552(b), 552a.

2.     This Court lacks subject matter jurisdiction over requests for forms of relief that exceed those authorized by the FOIA. 5 U.S.C. § 552(b).

3.     The Complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

4.     Plaintiff fails to reasonably describe the records sought and fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant respectfully requests that the Court strike the claims made by Plaintiff in the Complaint that do not set forth claims of relief or aver facts in support of a claim, and award Defendant any other relief as deemed appropriate.

12

April 4, 2023                              Respectfully submitted,


                                           MATTHEW M. GRAVES
                                           United States Attorney

                                           BRIAN P. HUDAK
                                           Chief, Civil Division

                              By:          _____
                                           KENNETH ADEBONOJO
                                           Assistant United States Attorney
                                           Judiciary Center Building
                                           601 D Street, N.W. B Civil Division
                                           Washington, D.C. 20530
                                           Tel: (202) 252-2562

                                           *Counsel for Defendant*


Of Counsel:


MARK RAZA
Chief Counsel

WENDY VICENTE
Deputy Chief Counsel for Litigation

JOSHUA FREDA
Associate Chief Counsel
U.S. Department of Health and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Tel: (301) 796-6885
E-mail: Joshua.Freda@fda.hhs.gov